UNITED STATES DISTRICT COURT

Northern District of California

CRAIG YATES,

                Plaintiff,

  v.

D.M. JACOBSON & SONS, INC.,

                Defendant.
_____/

No. CV10-0055 MEJ

**AMENDED CASE MANAGEMENT ORDER**

On September 12, 2011, the Court granted the parties' request for a jury trial in this matter. Accordingly, the Court AMENDS the June 17, 2011 Case Management Order as follows:

A.    <u>ADR Program</u>:

The parties shall continue their participation in the mediation program.

B.    <u>Jury Trial</u>:

The Court shall conduct a jury trial in this matter.

C.    <u>Pretrial Motions</u>:

All pretrial motions shall be filed in accordance with Civil Local Rule 7. A motion may be noticed pursuant to Civil Local Rule 7-2 without calling the Court. Civil law and motion is heard on Thursday mornings at 10:00 a.m.

D.    <u>Discovery</u>:

The parties shall abide by Magistrate Judge James' Standing Order Regarding Discovery and Dispute Procedures.

E. <u>Deadline to Amend Pleadings</u>

The deadline to file any amended pleadings is 9/19/2011.

F. <u>Disclosure of Expert Witnesses:</u>

1. Any party wishing to present expert witness testimony with respect to a claim or defense shall serve on all other parties the name, address, qualifications, resume, and a written report which complies with Federal Rule of Civil Procedure 26(a)(2)(B) by 11/18/2011.

2. This disclosure must be made with respect to a person who is either: (a) specifically retained or specially employed to provide expert testimony pursuant to Federal Rule of Evidence 702; or (b) a regular employee or agent or treating physician who may be called to provide expert opinion testimony.

3. <u>A party or counsel has a continuing duty to supplement the disclosure of expert witnesses when required under Federal Rule of Civil Procedure 26(e)(1).</u>

G. <u>Rebuttal Expert Witnesses</u>:

If the testimony of an expert is intended solely to contradict or rebut opinion testimony on the same subject matter identified by another party, the party proffering a rebuttal expert shall disclosure the information required under Federal Rule of Civil Procedure 26(a)(2)(B) by 11/28/2011.

H. <u>Limitation on Testimony by Expert Witnesses:</u>

1. Unless the parties enter into a written stipulation otherwise, upon timely objection, an expert witness shall be precluded from testifying about any actions or opinions not disclosed prior to the expert's deposition. This is to ensure that all factual material upon which expert opinion may be based is disclosed, and all tests and reports are completed, prior to the expert deposition.

2. Unless application is made prior to the close of expert discovery, each party is limited to

calling only one expert witness in each discipline involved in the case.

3. Any party objecting to the admissibility of the testimony of a person disclosed as an expert witness must file a written motion *in limine* to exclude the testimony by the deadline set forth below.

I. <u>Close of Discovery</u>:

1. All discovery, including depositions of expert witnesses, must be completed by 12/13/2011.
2. Pursuant to Federal Rule of Civil Procedure 16(b) and Civil Local Rule 26-2, a discovery request or stipulation that calls for responses or depositions after the discovery cut-off date is not enforceable except by order of the Court and upon a showing of good cause.
3. Pursuant to Civil Local Rule 26-2, no motions to compel discovery (including joint letters and requests for telephonic conferences under Magistrate Judge James' discovery standing order) may be filed later than 10 days after the discovery cut-off date.

J. <u>Dispositive Motions</u>:

1. Pursuant to Civil Local Rule 7-2, all dispositive motions shall be filed, served, and noticed by 1/12/2012. **The parties shall file a joint statement of undisputed facts pursuant to Civil Local Rule 56-2(b) when filing a motion for summary judgment.**
2. The Court shall hear dispositive motions on 2/16/2012 at 10:00 a.m. in Courtroom B, 15th Floor of the Federal Building, located at 450 Golden Gate Avenue, San Francisco, California.

K. <u>Exchange and filing of Trial Papers</u>:

1. By 4/18/2012, lead counsel who will try the case shall meet and confer with respect to the preparation and content of the joint pretrial conference statement and shall exchange (but not file or lodge) the papers described in paragraph 2 below.
2. By 5/3/2012, counsel shall file the papers described in Federal Rule of Civil Procedure

3

26(a)(3) and a joint pretrial conference statement including the following:

(A) Substance of the Action: A brief description of the substance of claims and defenses which remain to be decided.

(B) Relief Prayed: A detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of damages.

(C) Undisputed Facts: A plain and concise statement of all relevant facts not reasonably disputable, as well as which facts parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.

(D) Disputed Factual Issues: A plain and concise statement of all disputed factual issues which remain to be decided.

(E) Agreed Statement: A statement assessing whether all or part of the action may be presented upon an agreed statement of facts.

(F) Stipulations: A statement of stipulations requested or proposed for pretrial or trial purposes.

(G) Witness list: A list of all witnesses to be called for trial. The parties shall submit a page-length detailed summary of the substance of the proposed testimony of each witness, which shall also specify to which disputed fact the testimony relates, and an estimate of the time required for direct and cross examination of each witness.

(H) Exhibit list: A list of all exhibits to be offered at trial. The list shall state each proposed exhibit by its number or alphabetical letter, description and sponsoring witness. All documents shall be authenticated prior to trial.

(I) No party shall be permitted to offer any witness or exhibit that is not disclosed in its witness or exhibit list, except with leave of the Court for good cause shown.

(J) Estimated Time of Trial: An estimate of the number of hours needed for the presentation of each party's case.

(K) Settlement: A statement summarizing the status of the parties' settlement

4

negotiations.

3. Motions *in limine*: <u>Counsel are directed to meet and confer to resolve any evidentiary disputes prior to filing  motions *in limine*</u>.

    (A)    Any motions *in limine* shall be filed by 5/3/2012.

    (B)    Any Opposition to motions *in limine* shall be filed by 5/10/2012.

    (C)    These matters will be deemed submitted on the papers without oral argument, unless the Court orders otherwise.

4. Trial Briefs: Counsel shall file trial briefs setting forth the applicable legal standard, pursuant to Ninth Circuit authority, for all significant disputed issues of law, including foreseeable procedural and evidentiary issues, by 5/18/2012.

5. Joint Proposed Voir Dire: Counsel shall file a **joint** set of  requested voir dire to be posed by the Court by 5/8/2012.  Any voir dire questions on which counsel cannot agree shall also be filed separately by 5/8/2012.  Counsel will be allowed brief follow-up voir dire after the Court's questioning.

6. Joint Proposed Jury Instructions:

    (A)    Counsel shall file a **joint** set of additional proposed jury instructions by 5/8/2012.  Jury instructions from the Manual of Model Civil Jury Instructions for the Ninth Circuit should be used whenever possible.  The instructions shall be ordered in a logical sequence, together with a table of contents.

    (B)    Any instruction on which counsel cannot agree shall be marked as "disputed" and included within the jointly submitted instructions and accompanying table of contents, in the place where the party proposing the instruction believes it should be given.  Argument and authority for and against each disputed instruction shall be included as part of the joint submission, on a separate page directly following the disputed instruction.

    (C)    The Court prefers that all jury instructions conform to the Manual of Model Civil Jury Instructions for the Ninth Circuit.

5

(D) Counsel shall deliver to the Courtroom Deputy a copy of their joint proposed jury instructions on a portable storage medium (such as a USB thumb drive) in WordPerfect format. The label shall include the name of the parties, the case number and be entitled "Proposed Jury Instructions."

(E) At the close of Defendant's case in chief, the Court shall hear oral argument on the disputed jury instructions and will then render its rulings.

7. Proposed Verdict Forms, Joint or Separate: Counsel shall file any **joint** proposed verdict forms, as well as any separate verdict forms, by 5/18/2012. Counsel shall deliver to the Courtroom Deputy a copy of their joint proposed verdict forms on a portable storage medium in WordPerfect. The label shall include the name of the parties, the case number, and be entitled "Proposed Verdict Forms."

L. Pretrial Conference:

On 5/17/2012 at 10:00 a.m., the Court shall hold a pretrial conference in Courtroom B, 15th Floor, 450 Golden Gate Avenue, San Francisco, California. Lead counsel who will try the case **must** attend the pretrial conference. The purpose of the pretrial conference is for the Court to rule on any issues raised in the pretrial conference statement, motions *in limine*, and to discuss the trial of the case.

M. Final Pretrial Conference:

On 6/14/2012 at 10:00 a.m. in Courtroom B, the Court shall hold a final pretrial conference to address any outstanding trial issues.

N. Trial Date:

1. The trial shall commence on 6/18/2012 (Trial schedule: Monday through Friday, 9:30 a.m. to 3:00 p.m.). The trial shall last 3 days.

2. For any documents, including the deposition of a witness testifying at trial, which will be

shown to a witness but not admitted into evidence, counsel shall bring the original plus three copies of the documents. The original document will be handed to the Court during testimony and the copies will be given to the witness during the examination and to opposing counsel.

3. (A) Counsel shall maintain their own exhibits during trial. Exhibits are to be premarked with exhibit tags attached to the upper lefthand corner. If a photo or chart is being used as an exhibit, the exhibit tag should be placed on the back side of the exhibit. The Court will only admit premarked exhibits which were listed on the earlier filed exhibit list.

   (B) Plaintiff shall mark the exhibits numerically; Defendant shall mark the exhibits alphabetically. The exhibit markers shall each contain the name and number of the case, the number or alphabetical letter of the exhibit, and blank spaces to accommodate the date admitted and the Deputy Clerk's initials.

4. On the day of trial, counsel shall bring the original premarked exhibits, a copy of the premarked exhibits for opposing counsel, and two binders which contain a copy of each side's premarked exhibits for the Court. The premarked exhibit binders are to be designated with label dividers and given to the Courtroom Deputy on the morning of the trial.

O. Jury Selection:

1. The Jury Commissioner will summon 20 to 25 prospective jurors. The Courtroom Deputy will select their names at random and seat them in the courtroom in the order in which their names are called.

2. Voir dire will be asked of sufficient venire persons that eight (or more for a lengthy trial) will remain after all peremptory challenges and an anticipated number of hardship dismissals and cause challenges have been made.

3. The Court will then take cause challenges and discuss hardship claims from the individual jurors at side bar. The Court will inform the attorneys which hardship claims and cause

challenges will be granted, but will not announce those dismissals until the process is completed. Each attorney may then list in writing up to three peremptory challenges. The attorneys will review each other's lists and then submit them to the clerk.

4. From the list of jurors in numerical order, the Court will strike the persons with meritorious hardships, those excused for cause, and those challenged peremptorily. The Court will then call the first eight people in numerical sequence remaining. These people will be the jury. All jurors remaining at the close of the case will deliberate. There are no alternates (unless there is a lengthy trial).

P. <u>Sanctions</u>:

Failure to comply with this Order is cause for sanctions under Federal Rule of Civil Procedure 16(f).

Q. <u>Transcripts and Recording Devices</u>:

1. Counsel requesting a daily transcript shall contact Debra Campbell, Supervisor Court Reporting Services, at (415) 522-2079, at least ten days in advance of the trial date.

2. If any video or tape recording equipment or demonstrative devices will be used, a signed order will need to be obtained at least ten days in advance of the trial date for the items to clear security.

R. <u>Questions</u>:

All questions regarding these instructions should be directed to Brenda Tolbert, Courtroom Deputy Clerk to Judge James, at (415) 522-4708.

**IT IS SO ORDERED.**

Dated: September 12, 2011

_____
Maria-Elena James
Chief United States Magistrate Judge